DANIEL A. REIDY (SBN 139321)
LUISA M. BONACHEA (SBN 267664)
REIDY LAW GROUP
1230 Spring Street
St. Helena, CA 94574
Telephone: (707) 963-3030
Fax: (707) 963-3130
dan@reidylawgroup.com
luisa@reidylawgroup.com

*Attorneys for Plaintiff BNA WINE GROUP, LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BNA Wine Group, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>O'Neill Beverages Co., LLC, and DOES 1 through 10.<br><br>                    Defendants. | CASE NO. 17-3411<br><br>**PLAINTIFF BNA WINE GROUP, LLC'S COMPLAINT**<br><br>1. **Federal Trademark Infringement**<br>2. **Federal Unfair Competition**<br>3. **California Unfair Competition**<br>4. **Common Law Trademark Infringement**<br>5. **Common Law Trade Dress Infringement**<br>6. **Common Law Unfair Competition**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff BNA Wine Group, LLC **("BNA"** or **"Plaintiff")** for its Complaint against Defendant O'Neill Beverages Co. LLC **("O'Neill"** or **"Defendant")** and DOES 1 THROUGH 10 **(collectively, "Defendants")**, alleges as follows:

### INTRODUCTION

1.     This is an action to redress violations of federal trademark and unfair competition laws

1

(15 U.S.C. § 1114 *et seq.*, and § 1125 *et seq.*), common law trademark and trade dress infringement, California's unfair competition law (Cal. Bus. & Prof. Code § 17200 *et seq.*) and common law unfair competition as a result of Defendant's willful and unauthorized use of a trademark and trade dress in connection with the sale of wine that is confusingly similar to Plaintiff's trademark and trade dress to sell wine, and as more fully set forth herein.  Plaintiff seeks injunctive relief restraining Defendant's infringement of Plaintiff's trademarks and trade dress, and monetary damages that are the direct and proximate result of the infringement, and as further set forth in the Prayer of this Complaint, attorneys' fees and costs, and such other relief as shall be deemed just and proper by the Court.

### THE PARTIES

2.     Plaintiff BNA Wine Group, LLC **("BNA" or "Plaintiff")** is a limited liability company organized and existing under the laws of Tennessee, with an office at 403 Gateway Road West, Napa, California 94558.  BNA is generally engaged in the business of producing, selling, marketing, and distributing wine, including a Chardonnay wine under the federally registered trademark "BUTTERNUT" **("BUTTERNUT")**.

3.     Upon information and belief, Defendant O'Neill Beverages Co., LLC **("Defendant" or "O'Neill")** is a limited liability company organized and existing under the laws of Delaware, with its principal offices located at 101 Larkspur Landing Circle, Suite 350, Larkspur, California 94939.  Upon information and belief, O'Neill produces, markets and distributes a wine, including a Chardonnay wine under the trademark "BUTTERCUP" **("BUTTERCUP").**

4.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names (collectively with Defendant O'Neill referred to as "Defendants"). Plaintiff will seek leave of the Court to amend this Complaint when the names and capacities of said Defendants have been ascertained.

5.     Plaintiff is informed and believes, and upon such information and belief alleges, that at all times herein mentioned Defendants DOES 1 through 10, inclusive, were the agents, employees, servants, consultants, principals, employers or masters of each of their Co-Defendants and each Defendant has ratified, adopted or approved the acts or omissions hereinafter set forth of the remaining Defendants, and each and every Defendant.  Plaintiff is further informed and believes, and upon such information and belief alleges, that each of these fictitiously named Defendants is responsible in some manner for acts and/or omissions herein alleged.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), in that this case arises under the Lanham Act and trademark laws of the United States.  The Court has jurisdiction over the subject matter of the related unfair competition claims pursuant to 28 U.S.C. §1338(b) because those claims are joined with substantial and related claims brought under the trademark laws and 28 U.S.C. § 1367 as those claims are so related to Plaintiff's Lanham Act claims that they form part of the same case or controversy as the federal claims herein.

7.     This Court has personal jurisdiction over Defendant and venue is proper in this Judicial District pursuant to 28 U.S.C. § l391(b) because, inter alia, (a) Defendant and/or its agents maintain an office and are doing substantial business in this District; (b) events giving rise to this lawsuit, including, among other things, the manufacture, production, sale of wine and sourcing of grapes have occurred or will occur in interstate commerce, in the State of California, and in the Northern District of California as a result of Defendant's violations of the asserted trademarks and trade dress as alleged in detail below; and (c) Defendant and/or its agents have purposefully availed themselves of the opportunity to conduct commercial activities in this forum.

8.     Pursuant to Civil Local Rule 3-2(c), this is an intellectual property matter that is to be assigned on a district-wide basis.

3

**FACTS COMMON TO ALL CLAIMS**

9.     Plaintiff owns a valid federal trademark registration for the mark "BUTTERNUT" in International Class 033 for Wine as follows: U.S. Registration No. 4,482,269 for the word mark BUTTERNUT filed on October 30, 2012 and registered on February 11, 2014 with a first use in commerce as early as August 2011 **(the "BUTTERNUT REGISTRATION").**  Attached hereto as **Exhibit 1** is a true and correct copy of the aforementioned BUTTERNUT REGISTRATION.

10.     The BUTTERNUT REGISTRATION is valid, subsisting, and conclusive evidence of the validity of the mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the mark in commerce on or in connection with the goods and services specified therein.

11.     Since as early as August 2011, and long prior to the acts of Defendant complained of herein, Plaintiff has sold a Chardonnay wine under the trademark BUTTERNUT and in a unique packaging configuration consisting of the following elements: (i) green colored glass in a punted bottle, (ii) black foil top with yellow gold imprint, (iii) the mark BUTTERNUT in a yellow gold color centered on a black label.  Plaintiff also bottles its Chardonnay in two variations of the above trade dress, as depicted in **Exhibit 2** and attached hereto.

12.     Since as early as August 2011, Plaintiff has consistently marketed, promoted, and sold its wines bearing the mark BUTTERNUT and its unique bottle trade dress (hereinafter collectively the **"BUTTERNUT MARKS"**) as an indication of source in the production, marketing and sales of its wine.  Since 2011, Plaintiff's BUTTERNUT wine has received numerous awards and favorable reviews from the nation's top wine critics and millions of bottles of wine bearing the BUTTERNUT MARKS have been sold throughout the United States.

13.     As a result of Plaintiff's investment of substantial financial resources, extensive marketing and sales efforts, and actual sales, the BUTTERNUT mark and wine products have significant and highly valuable goodwill and value.

14.   Upon information and belief, in May 2015 Defendant O'Neill filed an intent-to-use U.S. Trademark Application Serial No. 86637690 for the word mark BUTTERCUP.  On May 10, 2017, O'Neill filed a "Statement of Use" attesting a first use date of February 28, 2017.

15.   In May 2017, Plaintiff was informed that O'Neill was advertising its BUTTERCUP wine and obtained an image of Defendant's product.  Plaintiff noticed that Defendant's BUTTERCUP mark and trade dress (collectively the **"BUTTERCUP MARKS"**) were strikingly similar to Plaintiff's BUTTERNUT MARKS in that it used: (i) green colored glass in a punted bottle, (ii) black foil top with yellow gold imprint, (iii) the mark BUTTERCUP printed in a yellow gold color across the center of a black label.  Attached hereto as **Exhibit 3** is an image of Defendant's BUTTERCUP MARKS. Attached hereto as **Exhibit 4** and submitted below are side-by-side images of Plaintiff's and Defendant O'Neill's respective Chardonnay wine products and trade dress.



16.   Upon seeing the striking similarities to Plaintiff's BUTTERNUT MARKS, Plaintiff promptly contacted trademark counsel and, on May 15, 2017, sent a cease and desist letter to Defendant's counsel.  At the time of the filing of this Complaint, other than to acknowledge receipt of the letter and indicating a reply would follow, Defendant has not responded to Plaintiff's demands.

17.   In September 2013, a principal of Defendant met with a principal of Plaintiff at which

COMPLAINT AND DEMAND FOR JURY TRIAL Case No. 17-3411

time Defendant suggested having Plaintiff's BUTTERNUT wine produced and bottled at Defendant O'Neill's facility.  Plaintiff declined the opportunity.  At that time, in or about 2013, Defendant was aware of Plaintiff's BUTTERNUT trademark and trade dress.

18.   Defendant's adoption and/or use of the BUTTERCUP mark in commerce is subsequent to Plaintiff's adoption, use and registration of its BUTTERNUT Mark.

19.   Defendant O'Neill and Plaintiff are in the same industry, specifically wine, and offer for sale the same products, specifically Chardonnay wines, to the same target customers.

20.   Defendant and Plaintiff advertise, distribute, and/or sell their alcohol-related products in the same or similar trade channels, including the very same retail store locations.

21.   The parties' Chardonnay wines are in direct competition with each other and sold at the same or similar price point.

22.   Defendant's use of the BUTTERCUP MARKS to promote and advertise its BUTTERCUP Chardonnay wine has caused actual confusion and/or is likely to cause confusion as to source, sponsorship, and/or affiliation in relation to Plaintiff's BUTTERNUT MARKS, and create a false association that the two marks are affiliated or derive from the same source.

23.   Defendant's use of the BUTTERCUP MARKS to promote and advertise its Chardonnay wines harm Plaintiff's goodwill and significantly dilute Plaintiff's trademarks and trade names.

24.   Plaintiff is informed and believes, and thereon alleges, that Defendant will continue to use the BUTTERCUP MARKS in a false or deceptive manner to promote its goods unless enjoined from such use.  Thus, Defendant's use of the BUTTERCUP MARKS will continue to harm Plaintiff's goodwill and will continue to dilute Plaintiff's trademark and business unless enjoined.

25.   Upon information and belief, Defendant's use of the BUTTERCUP MARKS to promote and advertise its Chardonnay wine by association has caused and will cause Plaintiff

6

immediate and irreparable harm.

26.     Unless restrained and enjoined, Defendant will continue to engage in the acts complained of herein and expand its use of the BUTTERCUP MARKS and trade names, causing irreparable damage to Plaintiff.  Plaintiff's remedy at law is not adequate to compensate Plaintiff for all the injuries resulting from Defendant's actions.

**FIRST CLAIM FOR RELIEF**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114 *et. seq.*)**

27.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 26 inclusive, and incorporates the said allegations as though fully set forth herein.

28.     As set forth above, Plaintiff is the owner of the BUTTERNUT REGISTRATION. Plaintiff has used its registered BUTTERNUT mark continuously in commerce for wine products and said marks identify the goods and services of Plaintiff, and distinguish those goods because of Plaintiff's continuous use of its BUTTERNUT mark to advertise, distribute, and sell its wine products.

29.     Defendant's activities as alleged herein are without Plaintiff's permission or authority.

30.     By virtue of Defendant O'Neill's attempted business activity with Plaintiff, it had actual knowledge of Plaintiff's registered BUTTERNUT MARKS and senior rights in the mark. As a result, Defendant committed its acts of infringement with full knowledge of Plaintiff's rights in the BUTTERNUT MARKS.  Defendant acted willfully, deliberately, and has maliciously engaged in the described acts with intent to injure Plaintiff and to deceive the public.  At a minimum, Defendant has acted with knowledge and reckless disregard of Plaintiff's registered trademark.

31.     Defendant's activities and conduct as alleged in this Complaint are in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114(a) in that Defendant is using its confusingly similar BUTTERCUP mark to advertise and promote its products by creating a false association between its goods and Plaintiff's goods.

7

COMPLAINT AND DEMAND FOR JURY TRIAL Case No. 17-3411

32.     Whether by imitation or confusingly similar and deceptive goods, the promotional and sales activities that Defendant has and is continuing to create, use, offer, advertise, distribute and sell by creating false associations between its BUTTERCUP Chardonnay and Plaintiff's BUTTERNUT Chardonnay cause actual confusion and are likely to cause further confusion and mistake as to the source of the product and/or sponsorship, ownership, or affiliation of Plaintiff's products.

33.     Upon information and belief, and thereon alleged, Defendant has developed, advertised, marketed and/or distributed its infringing products with knowledge of Plaintiff's BUTTERNUT MARKS and with willful and calculated purposes of (a) misleading, deceiving or confusing customers and the public as to the origin of the infringing products/materials and (b) trading upon Plaintiff's business reputation and goodwill.   This is an exceptional case under 15 U.S.C. § 1117(a).

34.     As a result of its wrongful conduct, Defendant is liable to Plaintiff for trademark infringement.  Plaintiff has suffered, and will continue to suffer, losses including, but not limited to, damage to its business reputation and goodwill.

35.     Plaintiff is entitled to recover damages, which include its losses and all profits Defendant has made as a result of its wrongful conduct, pursuant to 15 U.S.C. § 1117(b).

36.     Plaintiff is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a), as it has no adequate remedy at law as Defendant continues to develop, advertise and/or sell its products to the same or similar consumers as Plaintiff as well as through the same channels, including the Internet and distributors.  Plaintiff is entitled to injunctive relief as its business reputation and goodwill will be irreparably harmed if Defendant's wrongful activities continue and consumers and/or potential consumers and the public are confused and/or are likely to become further confused, mistaken or deceived as to the source, origin or authenticity of the infringing materials.

37.     Plaintiff is entitled to recover attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

COMPLAINT AND DEMAND FOR JURY TRIAL Case No. 17-3411

WHEREFORE, Plaintiff prays for relief as set forth below.

**SECOND CLAIM FOR RELIEF**
**FEDERAL FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN**
**AND FEDERAL UNFAIR COMPETITION**
**(15 U.S.C. §§ 1125(a) *et seq.*)**

38.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 37 inclusive, and incorporates the said allegations as though fully set forth herein.

39.     Plaintiff advertises, markets, distributes, and sells its products in interstate commerce under the trademarks described in this Complaint.   These trademarks are the means by which Plaintiff's products and materials are distinguished from the products and materials of others in the same or related fields.

40.     Due to Plaintiff's continuous and exclusive use of these trademarks, the BUTTERNUT MARKS are understood by customers and the public to signify products and services and materials originating with Plaintiff.

41.     Plaintiff has designed and used, and continue to use, its BUTTERNUT mark and distinctive trade dress with Plaintiff's names and with displays, advertising, and packaging for its products and materials for this purpose.

42.     Plaintiff is informed and believes, and alleges, that Defendant's use of its BUTTERCUP MARKS has resulted in customer confusion, or is likely to result in confusion, and that Defendant has engaged in such wrongful conduct with the willful purpose of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the products offered, marketed, distributed, and/or sold by them by wrongful association with Plaintiff's BUTTERNUT MARKS, names, and use of imitation visual materials and design, and this conduct by Defendant is trading upon Plaintiff's business reputation and goodwill.

43.     Defendant's conduct constitutes: (a) false designation of origin, (b) false or misleading

9

description, and (c) false or misleading representation that BUTTERCUP Chardonnay products originate from, or are sponsored, endorsed, approved, associated, or are authorized by Plaintiff, all in violation of Section 43(a) of the Lanham Act, set forth at 15 U.S.C. § 1125(a).

44.   Defendant's wrongful conduct is likely to continue unless restrained and enjoined.

45.   As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer losses, including, but not limited to, sales revenues illegally and unfairly captured by Defendant and damage to Plaintiff's business reputation and goodwill.

46.   Plaintiff is entitled to injunctive relief enjoining Defendant's wrongful conduct pursuant to 15 U.S.C. § 1125(a) and to an order impounding all products or materials bearing imitation marks being used, offered, advertised, distributed and/or sold by Defendant.

47.   Plaintiff has no adequate remedy at law for Defendant's wrongful conduct because, among other reasons: (a) Plaintiff's BUTTERNUT marks, names and designs are unique and valuable property, which have no readily determinable market value; (b) Defendant's advertising, marketing, distribution, and/or sales of imitated marks impose great harm to Plaintiff's business reputation and goodwill such that Plaintiff could not be made whole by any monetary award; and (c) Defendant's wrongful conduct, and the resulting damage to Plaintiff, is continuing and likely expanding.

48.   Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF
### CALIFORNIA UNFAIR COMPETITION
#### (California Business & Professions Code §§ 17200 *et. seq.*)

49.   Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 48, inclusive, and incorporates the said allegations as though fully set forth herein.

50.   Defendant's conduct as alleged above constitutes unfair, unlawful, and fraudulent

COMPLAINT AND DEMAND FOR JURY TRIAL Case No. 17-3411

business practices in violation of California Business & Professions Code § 17200 *et seq.*, in that Defendant's conduct constitutes trademark and trade dress infringement and deliberate unfair competition in wanton disregard of Plaintiff's valuable intellectual property rights.

51.     Upon information and belief, Defendant has profited from its infringing acts and acts of unlawful and unfair competition.

52.     Plaintiff and Defendant are in direct competition as they advertise and offer for sale the same products (Chardonnay wine), at a same or similar price point, to the same target customers, and operate in the same advertising space, including retail store locations.

53.     As a direct and proximate result of the unfair and illegal conduct and representations to consumers and the public by Defendant as herein alleged, Plaintiff has been damaged in an amount not yet ascertained, and continues to be damaged.  These wrongful acts have proximately caused and/or will continue to cause Plaintiff substantial injury, including confusion in the marketplace, wrongful association, dilution of its goodwill, confusion of trade partners and potential customers, injury to its reputation, and diminution in value of its trademarks, trade dress, and trade name.  These actions are causing imminent irreparable harm and injury to Plaintiff.

54.     As a result of Defendant's wrongful conduct, Plaintiff is entitled to recover from Defendant the gains, profits, and advantages Defendant has obtained as a result of its wrongful acts as herein alleged and said amounts should be disgorged and restitution made to Plaintiff.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

55.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 54, inclusive, and incorporates the said allegations as though fully set forth herein.

56.     Defendant's activities alleged herein violate Plaintiff's exclusive and prior trademark

COMPLAINT AND DEMAND FOR JURY TRIAL Case No. 17-3411

rights under common law.  Upon information and belief Defendant has profited from this infringement.

57.    As a direct result of Defendant's actions, Plaintiff has been damaged by Defendant's wrongful acts and Defendant has been unjustly enriched.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FIFTH CLAIM FOR RELIEF
### COMMON LAW TRADE DRESS INFRINGEMENT

58.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 57, inclusive, and incorporates the said allegations as though fully set forth herein.

59.    Defendant's activities alleged herein violate Plaintiff's exclusive trade dress rights under common law.   Upon information and belief Defendant has profited from this infringement.

60.    As a direct result of Defendant's actions, Plaintiff has been damaged by Defendant's wrongful acts and Defendant has been unjustly enriched.

WHEREFORE, Plaintiff prays for relief as set forth below.

### SIXTH CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION

61.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 60, inclusive, and incorporates the said allegations as though fully set forth herein.

62.    Defendant's actions alleged herein constitute trademark and trade dress infringement, false designation of origin, and violate California common law against acts of unfair competition.

63.    As a direct result of Defendant's actions, Plaintiff has been damaged by Defendant's wrongful acts and Defendant has been unjustly enriched.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.  That the Court enter a judgment against Defendant, finding that Defendant has:

    a.   Willfully infringed Plaintiff's rights in its federally registered trademarks;

12

b.  Willfully infringed Plaintiff's rights in common law trademarks and trade dress;

c.  Committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading advertising against Plaintiff;

d.  Committed and are committing unfair business competition by and through deceptive advertising and false designations of origin; and

e.  Otherwise injured the business reputation, goodwill and business of Plaintiff and irreparably harmed Plaintiff by the acts and conduct set forth in this Complaint.

2.  That this Court issue temporary and permanent injunctive relief against Defendant, and each of them, and that Defendant, its agents, representatives, servants, employees, attorneys, successors and assigns and all other in active concert or participation with Defendant, be enjoined and restrained from:

a.  Directly or indirectly using the BUTTERCUP mark or any mark that is likely to cause confusion with Plaintiff's BUTTERNUT MARKS;

b.  Using, encouraging, authorizing the use or directing the use by its brokers, distributors or sales representatives of the BUTTERCUP MARKS, or any other mark that is confusingly similar to Plaintiff's BUTTERNUT MARKS, to advertise or promote BUTTERCUP Chardonnay wines or any wines released in the future by Defendant, or engaging in any other infringing use or infringing distribution of products or materials protected by Plaintiff's trademarks;

c.  Manufacturing, producing, distributing, offering for distribution, selling, offering for sale, advertising, importing, promoting or displaying any products, items or other things bearing any simulation, reproduction, copy or colorable imitation of products, items or things protected by Plaintiff's trademarks;

d.  Using any simulation, reproduction, counterfeit, copy or colorable imitation of

13

Plaintiff's registered trademarks or common law trademarks, in connection with the manufacture, assembly, production, distribution, offering for distribution, sale, offering for sale, import, advertising, promotion or display of any product, item or thing, including alcohol and related materials not authorized by Plaintiff;

e.   Using any false designation of origin or false or misleading description or false or misleading representation or name that can or is likely to lead the industry or public erroneously to believe that any product, item or thing has been manufactured, distilled, produced, distributed, offered for distribution, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved or authorized by or for Plaintiff, when such is not true in fact;

f.   Using the names, logos, or other variations thereof, of any of Plaintiff's trademarks in any of the Defendant's trade or corporate names or products;

g.   Engaging in any other activity constituting an infringement of any of Plaintiff's trademarks, trade dress or Plaintiff's rights to use or exploit these trademarks or trade dress and;

h.   Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

3.   That the Court enter an order requiring that Defendant expressly abandon Application Serial No. 86637690 for the mark BUTTERCUP pursuant to 37 C.F.R. § 2.68.

4.   That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be required to deliver for destruction all advertising, promotional materials, point of sale materials, labels, caps, corks, packaging, and any other materials bearing the

14

infringing marks together with all artwork, plates, molds and other means and materials for making and reproducing the same.

5. That the Court enter an order declaring that the Defendant hold in trust, as constructive trustee for the benefit of Plaintiff, all profits received by Defendant from its distribution or sale of counterfeit or imitation or infringing products and materials, and issue temporary and permanent injunctive relief enjoining and restraining Defendant and its agents from transferring, concealing or dissipating all profits and assets acquired in whole or in part with those profits.

6. That the Court enter an order requiring Defendant to provide Plaintiff a full and complete accounting of all profits received by Defendant from its distribution or sale of infringing products and/or materials, and of any other amounts due and owing to Plaintiff as a result of Defendant's illegal activities.

7. That the Court order Defendant to pay Plaintiff's general, special, actual and statutory damages, including Defendant's profits, for Defendant's willful infringement of Plaintiff's trademarks.  The exact amount of damages is not known but on information and belief is $100,000.00 or more, according to proof.

8. That Plaintiff be awarded punitive damages as a result of Defendant's conduct.

9. That the Court order Defendant to pay Plaintiff the costs of this action and the reasonable attorneys' fees incurred by Plaintiff in prosecuting this action.

10. That the Court grant to Plaintiff such other and additional relief as may be just and proper.

COMPLAINT AND DEMAND FOR JURY TRIAL Case No. 17-3411

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a trial by jury of all issues triable in the above action.

REIDY LAW GROUP

June 13, 2017                    By: _____

Daniel A. Reidy

*Attorneys for Plaintiff BNA Wine Group, LLC*

16

COMPLAINT AND DEMAND FOR JURY TRIAL Case No. 17-3411